# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| ROBERT GLENN HASTON | CIVIL ACTION NO. 05-00101 |
|---|---|
| -vs- | JUDGE LITTLE |
| J. LEVY DABADIE CORR. CTR., ET AL. | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the civil rights action, under 42 U.S.C. § 1983, by *pro se* prisoner Plaintiff Robert Glenn Haston ("Haston") proceeding *in forma pauperis* against Defendant J. Levy Dabadie Corr. Ctr., et al. ("Dabadie") be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Haston has not timely filed an objection to the magistrate's report.[1] After full record review, this court accepts the findings and recommendations of the magistrate as correct and adopts the report in its entirety and, to clarify, adds the following reasoning.

The magistrate's report spends little time discussing the factual or legal basis of Haston's Complaint or construing what his claims may be other than to state that Haston alleged he was sexually propositioned by a Louisiana Guard member while he worked as a "trustee" at Camp Beauregard National Guard Base. From the report, Haston refused the

---

[1] If there are no specific objections to the magistrate's report and recommendation, the district court is to review it for findings and conclusions that are either clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); LR 74.1W(B) (2004).

advance, was told not to tell, and he reported the incident, but the magistrate found that he failed to state any type of constitutional claim. Haston seeks a restraining order against the Department of Corrections (DOC) from sending him anywhere other than a work release center, $2 million in monetary damages, non-DOC psychological counseling, costs, fees, and appointment of counsel. The report also neglected to point out that, on 18 April 2005, Haston filed a Notice of Change of Address stating that he had been transferred from state prison to a half-way house in Lafayette, Louisiana. This transfer renders moot any of his injunctive relief claims relating to where the DOC may send Haston or whether he is entitled to non-DOC psychological counseling. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a prisoner's transfer from one prison to another renders his claims for declaratory and injunctive relief moot).

Liberally construing Haston's *pro se* Complaint arguably reveals that, on 22 December 2004, Haston was working as a trustee, apparently on a work release program, at Range Central, Camp Beauregard, in Pineville, Louisiana. Sergeant Fontenot of the Louisiana National Guard took Haston from his job and drove him into the woods where Fontenot allegedly sexually propositioned Haston. Haston refused twice and Fontenot allegedly told Haston not to tell anyone about this incident. Nevertheless, a couple of days later on 24 December 2004, Haston reported this incident to Fontenot's supervisor, Lieutenant Moore, who said that he would take care of the matter. After the holidays, on 5 January 2005, Haston was approached by two National Guardsmen who asked him to take a ride in the woods with them to put up a sign. During the ride, the two stated that they could

not believe Haston's story and tried to convince him to tell Lt. Moore that he had made it all up or that it was a joke because no one would believe Haston as he was an inmate. The next day, on 6 January 2005, Haston states that he "was removed from [his] job and taken back to the jail." Compl. at 5. On 7 January 2005, Haston wrote a full statement to Captain DeVille at the J. Levy Dabadie Correctional Center and alleged that the evidence of Fontenot's "indecent proposal" had been removed from the woods (a condom that Fontenot had given to Haston who immediately threw it out the window) and that Haston was not the only victim of this type of treatment. Although Haston's Complaint does not detail his cause of action as such, this court liberally construes his pleading to mean that Haston alleges that he was retaliated against by Dabadie for his reporting the sexual harassment incident, which resulted in his losing his job, allegedly a violation of his First Amendment rights or his Due Process right or property interest in his prison job assignment in the work release program. Haston seeks both monetary and injunctive relief.

The magistrate recommended dismissal of Haston's Complaint *only* because of its frivolousness or failure to state a claim under the *in forma pauperis* statute for prisoner suits. 28 U.S.C. §§ 1915(e)(B)(i)-(ii) (West 2005). 42 U.S.C. § 1997e(a), however, as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), also provides that: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). When a prisoner fails to exhaust his administrative remedies prior to filing suit, *without* a valid excuse, defendants are entitled to judgment as a matter of law dismissing the prisoner's complaint, but the dismissal must be without prejudice to refiling after exhausting his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998). In the event, however, that a prisoner's claim is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2) (West 2005). This statute provides that the district court may dismiss such prisoner claims *without* first requiring the exhaustion of administrative remedies, meaning that § 1997e does not impose the administrative exhaustion requirement as a prerequisite to jurisdiction. See Nelson v. Campbell, 541 U.S. 637, 650 (2004); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). The amended § 1997e imposes a requirement, rather like a statute of limitations, that may be subject to certain defenses such as waiver, estoppel, and equitable tolling, and a valid excuse may include physical injury which prevents the timely filing of an administrative grievance and the grievance system rejects the prisoner's subsequent filing due to untimeliness. See Days v. Johnson, 322 F.3d 863, 866-68 (5th Cir. 2003).

In this case, Haston stated in his Complaint that, even though there is a prison grievance procedure in place, he did not file an administrative grievance "[b]ecause I fear for

my safety and welfare. I have already recieved [sic] repercutions [sic] from this act."
Compl. at 2. The magistrate's report makes no mention of whether Haston's conclusory allegation that his fear for his safety qualifies as a valid excuse, which this court finds clearly does not qualify, or whether Haston's Complaint should be dismissed *without* prejudice for failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). One of the main reasons, however, that the magistrate likely chose not to discuss Haston's failure to exhaust his administrative remedies is because his Complaint, on its face, is either frivolous or fails to state a claim.

Despite the lack of exhaustion of his administrative remedies or the lack of a valid excuse for not doing so, Haston's Complaint may still be dismissed as frivolous or for failure to state a claim without even first requiring that he exhaust his administrative remedies. 42 U.S.C. § 1997e(c)(2) (West 2005). To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his of that right, (3) a retaliatory adverse act, and (4) causation. Jones v. Groningen, 188 F.3d 322, 324-25 (5th Cir. 1999). The inmate must allege more than his personal belief that he is the victim of retaliation. Id. at 325. Furthermore, if the inmate is unable to point to a *specific* constitutional right that has been violated, the claim will fail. Id. Finally, prisoners have no constitutionally protected liberty or property interest in their prison job assignments. See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

Here, Haston has failed to state a viable § 1983 retaliation claim because he did not

5

and cannot allege a specific constitutional right that was violated. His First Amendment rights were not violated because Haston wrote a full statement for Captain DeVille and he was able to file this suit, meaning that he was able to complain to the prison and has had full access to the courts. Moreover, Haston has no constitutionally protected Due Process right or property interest in his work release position. Thus, Haston's retaliation claim fails because he is unable to point to a specific constitutional right that was violated.

Accordingly, Haston's civil rights action, filed under 42 U.S.C. § 1983, against Dabadie is DISMISSED WITH PREJUDICE either as frivolous or for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1997e(c)(2), regardless of his failure to exhaust his administrative remedies, or under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) for purposes of proceeding *in forma pauperis*, as to his monetary damages related to his First Amendment retaliation claim and his Due Process/property right claim in his prison job assignment whereas his injunctive relief claim seeking a return to the work release program and non-DOC psychological counseling is DISMISSED WITH PREJUDICE AS MOOT because he no longer is incarcerated at the J. Levy Dabadie Correctional Center.

Alexandria, Louisiana

21 July 2005

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE